## In re AIR CRASH NEAR WOODBURY, CONNECTICUT, on December 20, 2002
## No. MDL 1689.

Judicial Panel on Multidistrict Litigation.

June 24, 2005.

Before WM. TERRELL HODGES, Chairman, JOHN F. KEENAN, D. LOWELL JENSEN, J. FREDERICK MOTZ, ROBERT L. MILLER, Jr., KATHRYN H. VRATIL * and DAVID R. HANSEN, Judges of the Panel.

### *TRANSFER ORDER*

WM. TERRELL HODGES, Chairman.

This litigation currently consists of the three actions in the District of Connecticut, two actions each in the Eastern District of Pennsylvania and Middle District of Pennsylvania, and one action in the Eastern District of New York as listed on the attached Schedule A. Before the Panel is a motion, pursuant to 28 U.S.C. § 1407, brought by plaintiff in seven of the eight actions for coordinated or consolidated pretrial proceedings of these actions in the Eastern District of New York. Defendants Teledyne Mattituck Services, Inc.; Teledyne Technologies, Inc.; and Teledyne

* Judge Vratil took no part in the decision of this matter.

Continental Motors, Inc., join in plaintiff's motion. Defendants AVCO Corp., on behalf of its Lycoming Engines Division, and Textron Inc. oppose the motion. If the Panel deems centralization appropriate, then these defendants would support centralization in the Middle District of Pennsylvania or, in the alternative, the District of Connecticut, a district also supported by moving plaintiff in the alternative.

■ On the basis of the papers filed and hearing session held, the Panel finds that these eight actions involve common questions of fact, and that centralization under Section 1407 in the Eastern District of New York will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. All actions concern the cause or causes of the crash of an airplane near Woodbury, Connecticut, on December 20, 2002. Centralization under Section 1407 is thus necessary in order to eliminate duplicative discovery, prevent inconsistent pretrial rulings, and conserve the resources of the parties, their counsel and the judiciary.

■ We are persuaded that the Eastern District of New York is an appropriate transferee forum for this docket. Relevant discovery will likely be conducted within this district, where the aircraft and pilot were based and the aircraft's engine was overhauled. We also observe that the intended destination of the aircraft was an airport within the Eastern District of New York.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions listed on Schedule A and pending outside the Eastern District of New York are transferred to the Eastern District of New York and, with the consent of that court, assigned to the Honorable Charles P. Sifton for coordinated or consolidated pretrial proceedings with the action pending in that district and listed on Schedule A.

## SCHEDULE A

*MDL–1689—In re Air Crash Near Woodbury, Connecticut, on December 20, 2002*

*District of Connecticut*

*Norma Knopf, etc. v. Master Aviation, Inc., et al.,* C.A. No. 3:04–2095

*Norma Knopf, etc. v. Avco Corp., et al.,* C.A. No. 3:04–2096

*Mark Rehl, et al. v. Lear Romec, et al.,* C.A. No. 3:04–2109

*Eastern District of New York*

*Norma Knopf, etc. v. Avco Corp., et al.,* C.A. No. 1:04–5420

*Eastern District of Pennsylvania*

*Norma Knopf, etc. v. Avco Corp., et al.,* C.A. No. 2:04–5713

*Norma Knopf, etc. v. Avco Corp., et al.,* C.A. No. 2:04–5714

*Middle District of Pennsylvania*

*Norma Knopf, etc. v. Avco Corp., et al.,* C.A. No. 4:04–2705

*Norma Knopf, etc. v. Avco Corp., et al.,* C.A. No. 4:04–2719